IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TINA RENE BRITTINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 03-893-GMS |
| | ) | Cr. A. No. 02-116-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

_____

Tina Rene Brittingham. *Pro se* petitioner.

Beth Moskow-Schnoll, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

_____

August 4, 2006
Wilmington, Delaware

SLEET, District Judge

## I. INTRODUCTION

Petitioner Tina Rene Brittingham ("Brittingham") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] (D.I. 19.) The Government filed its answer. (D.I. 24.) For the reasons discussed, the court will deny Brittingham's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On September 12, 2002, a federal grand jury indictment charged Brittingham with two counts of embezzlement by a bank employee in violation of 18 U.S.C. § 656. Brittingham pled guilty to both counts on December 12, 2002. The court sentenced Brittingham to eighteen months imprisonment followed by four years supervised release. Brittingham did not appeal her conviction or sentence; instead, she filed the instant § 2255 motion.

## III. DISCUSSION

Brittingham moves the court to vacate her sentence on the basis of her trial counsel's alleged ineffective assistance. Specifically, she argues that trial counsel provided constitutionally ineffective assistance of counsel by failing to: (a) seek a safety valve downward departure available to first time non-violent offenders; and (b) advise her of the consequences of her guilty plea.

---

[1] Brittingham started serving the supervised release portion of her sentence while her § 2255 motion was pending before the court. Nevertheless, the court still has jurisdiction over the instant § 2255 motion because Brittingham was in custody when she filed the motion. *See Gosa v. Mayden*, 413 U.S. 665, 678 n.3 (1973). Additionally, a person subject to supervised release is a "prisoner in custody" within the meaning of 28 U.S.C. § 2255. *See United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993).

1

A federal prisoner's claim for ineffective assistance of counsel is properly raised for the first time in federal district court as a § 2255 motion rather than on direct appeal. *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996). To prevail on ineffective assistance of counsel claim, a federal habeas petitioner must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The first prong of the *Strickland* test requires the petitioner to demonstrate that counsel's performance fell below an objective standard of reasonableness. *Id.*; *Marshall v. Hendricks,* 307 F.3d 36, 85 (3d Cir. 2002). The petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. When evaluating the allegations under this prong, a court must highly defer to the counsel's reasonable strategic decisions, and the mere fact that the strategic decision was unsuccessful does not make such a decision unreasonable. *Id.* Generally, the petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688-89 (internal citation omitted).

The second prong of the *Strickland* test requires the petitioner to affirmatively show that counsel's deficient performance prejudiced his case. *Strickland,* 466 U.S. at 692-93. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687-88; *Marshall v. Hendricks,* 307 F.3d 36, 85 (3d Cir. 2002). When, as here, the petitioner has pled guilty, the petitioner establishes prejudice by showing that there is a reasonable probability that, but for counsel's errors, she would have proceeded to trial instead of pleading

guilty. *Nahodil,* 36 F.3d at 326 (citing *Hill v. Lockhart,* 474 U.S. 52, 56-59 (1985); *United States v. Kauffman,* 109 F.3d 186, 191 (3d Cir. 1997)(citations omitted).

In her first ineffective assistance claim, Brittingham contends that counsel failed to argue for a safety valve downward departure. Although Brittingham does not identify the authority for the safety valve, she does refer to the safety valve as one for first time non-violent offenders. Consequently, the court presumes that Brittingham means the "safety valve" pursuant to 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, under which a district court may impose a sentence for certain drug offenses without regard to any statutory mandatory minimum sentence. However, the safety valve pursuant to Section 3553(f) and USSG § 5C1.2 is only available for drug offenses committed in violation of 21 U.S.C. §§ 841, 844, 846 or 21 U.S.C. §§ 960, 963, and Brittingham was charged with and convicted of violating 18 U.S.C. § 656. Thus, the court concludes that counsel did not provide ineffective assistance by failing to request a downward departure that was not available in Brittingham's case.

As for her second ineffective-assistance claim, the court construes Brittingham's allegation that counsel did not apprise her of the consequences stemming from a guilty plea to assert that counsel's deficient performance rendered her guilty plea unintelligent and involuntary. The record, however, contradicts Brittingham's assertion. During the plea colloquy, Brittingham stated that she had discussed the application of the sentencing guidelines with counsel. The court specifically explained to Brittingham her right to plead not guilty, her right to counsel, the trial rights that she was relinquishing by pleading guilty, and the limitations on her appellate rights in light of her guilty plea. The court also determined that Brittingham understood the nature of the charges, the potential prison sentence, and that she was satisfied with her counsel's advice and

representation. *See generally* (D.I. 23). Brittingham's statements, uttered under oath in open court, carry a strong presumption of verity, and her instant vague and conclusory allegation fails to overcome that presumption. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Thus, the court will deny Brittingham's second ineffective assistance claim because Brittingham has failed to satisfy either prong of *Strickland*.

## IV. EVIDENTIARY HEARING

A district court is required to hold an evidentiary hearing on a § 2255 motion "unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that Brittingham's ineffective assistance of counsel claims are meritless. Thus, an evidentiary hearing is not required.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court is dismissing Brittingham's § 2255 motion after determining that her claims are meritless. The court is persuaded that reasonable jurists would not find this assessment

debatable. Therefore, Brittingham has failed to make a substantial showing of the denial of a constitutional right, and the court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Brittingham's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is dismissed. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TINA RENE BRITTINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 03-893-GMS |
| | ) | Cr. A. No. 02-116-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Petitioner Tina Rene Brittingham's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 19.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

August 4, 2006
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE